FILED
2010 APR 23 PM 2:56
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL ROMERO,<br><br>                 Plaintiff,<br><br>vs.<br><br>AKAL SECURITY, INC.; et al.,<br><br>                 Defendants. | CASE NO. 09 CV 00024 BEN (PCL)<br><br>ORDER<br><br>(1) GRANTING IN PART AN DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND<br><br>(2) DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>[Docket Nos. 33, 38] |

Currently before the Court is Defendant Akal Security, Inc.'s Motion for Partial Summary Judgment (Docket No. 33) and Plaintiff Ismael Romero's Cross-Motion for Partial Summary Judgment (Docket No. 38). The parties having fully briefed these motions, the Court took the motions under submission without oral argument, pursuant to Local Civil Rule 7.1.d.

For the reasons set forth herein, Defendant's Motion for Partial Summary Judgment is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Cross-Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

This action arises from Plaintiff's former employment as a custody officer at the United States Department of Homeland Security Immigrations and Customs Enforcement ("ICE"). Defendant is a

private security company that contracts with ICE to provide security, and was Plaintiff's former employer.

Plaintiff alleges Defendant terminated his employment because Plaintiff was concurrently employed on a full-time basis as a Supply Sergeant at the California National Guard Armory ("National Guard"). It is undisputed that the contract between Defendant and ICE (the "ICE Contract") prohibits "active duty military personnel and civilians employed by the Government from working under the Contract." (Opp. Sep. Statement [Docket No. 49-5], ¶ 18; Opp. Sep. Statement [Docket No. 51-1], ¶ 15.) It is further undisputed that Defendant treated Plaintiff's full-time employment with the National Guard as "active duty" and being "employed by the Government," in violation of the ICE Contract. (Opp. Sep. Statement [Docket No. 49-5], ¶ 29; Reply Sep. Statement [Docket No. 57-1], ¶¶ 15-16.) Plaintiff was one of two employees whom Defendant considered to be in violation of the ICE Contract. (Opp. Sep. Statement [Docket No. 51-1], ¶ 22; Reply Sep. Statement [Docket No. 57-1], ¶¶ 15-16.) The other employee, Azariah Smith, was also employed by the National Guard and was also fired. (*Id.*)

Plaintiff alleges his concurrent employment did not preclude his ability to work at ICE. (First Am. Compl., ¶ 13.) Specifically, Plaintiff alleges Defendant did not adequately investigate whether his full-time employment with the National Guard constituted "active duty" and employment "by the Government" for purposes of the ICE Contract. (Cross-MSJ [Docket No. 38-1], pg. 6; Opp. MSJ [Docket No. 49], pgs. 9-10; Opp. Sep. Statement [Docket No. 49-5], ¶ 28.) Plaintiff further alleges, among other things, Defendant discriminated against him based on his service with the National Guard (First Am. Compl., ¶ 26) and Defendant fired him to cover up the wrongful termination of Mr. Smith who was allegedly fired because he was black (*Id.* at ¶ 29).

Plaintiff initiated this action in California Superior Court, County of Imperial. On January 8, 2009, Defendant removed the action to this Court. (Docket No. 1.) The operative complaint is the First Amended Complaint filed on May 22, 2009. (Docket No. 17.)

The First Amended Complaint alleges the following claims against Defendant: (1) Discrimination Based on Services in the Armed or Military Services (First Cause of Action); (2) Discrimination Based on Services in the Uniformed Services (Second Cause of Action); (3) Wrongful

Termination in Violation of Public Policy, under USERRA/Cal. Mil. & Vets Code (Third Cause of Action); (4) Wrongful Termination in Violation of Public Policy, under FEHA (Fourth Cause of Action); (5) Breach of the Covenant of Good Faith and Fair Dealing (Fifth Cause of Action); and (6) Intentional Infliction of Emotional Distress (Sixth Cause of Action). (Docket No. 17.)

On December 28, 2009, Defendant filed a Motion for Partial Summary Judgment, seeking summary judgment against Plaintiff on the Fourth, Fifth and Sixth Causes of Action and Plaintiff's request for punitive damages. (Docket No. 33.) On January 19, 2010, Plaintiff filed a Cross-Motion for Partial Summary Judgment, seeking summary judgment against Defendant on the First and Second Causes of Action.[1] (Docket No. 38.) Both parties filed oppositions and replies. The parties having fully briefed these motions, the Court took the motions under submission without oral argument, pursuant to Local Civil Rule 7.1.d.

## DISCUSSION

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Where the plaintiff is the moving party, as under the First and Second Causes of Action here, the plaintiff must show based on admissible evidence that there is no genuine issue of material fact as to each element of its cause of action and that the defendant cannot satisfy at least one element of any affirmative defense asserted thereto. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986); *Zands v. Nelson*, 797 F.Supp. 805, 808 (S.D. Cal. 1992). Where the defendant is the moving party, as under the Fourth, Fifth and Sixth Causes of Action and Plaintiff's demand for punitive damages in this case, the defendant must show that a cause of action has no merit by putting forth evidence that either one or more elements of the cause of action cannot be established or that a complete defense exists thereto. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir.

---

[1] Plaintiff's Notice of Motion stated Plaintiff also intended to move for summary judgment on the Third Cause of Action. However, Plaintiff's Motion and supporting Memorandum of Points and Authorities failed to address the Third Cause of Action. (Docket No. 38.) To the extent the Third Cause of Action asserts claims that overlap with the First and Second Causes of Action, the Court's findings herein apply. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

2000).

### 1. FIRST AND SECOND CAUSES OF ACTION: DISCRIMINATION BASED ON SERVICE IN THE ARMED OR MILITARY SERVICES

Plaintiff moves for summary judgment against Defendant on the First and Second Causes of Action. Therefore, Plaintiff carries the initial burden of proving (i) there are no genuine issues of material fact as to any element of these claims, and (ii) there are no genuine issues of material fact as to any affirmative defense asserted by Defendant. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986); *Zands,* 797 F. Supp. at 808.

The First and Second Causes of Action allege discrimination based on armed or military service, in violation of Section 389, *et seq.* of the California Military and Veterans Code and Section 4301, *et seq.* of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), respectively. Where California law provides greater protection than that afforded under USERRA, California law controls; otherwise, USERRA controls. 38 U.S.C. § 4302(a). Plaintiff fails to cite any authority showing, and the Court has found no authority showing, that California law provides greater protection than USERRA in the circumstances of this case. The Court further notes Plaintiff's motion is based almost entirely on USERRA and Plaintiff states that, for purposes of the motion, "the same analysis under USERRA applies under state law." (P. & A. [Docket no. 38-1], pgs. 13-4, n. 2.) For purposes of this Order, the Court finds that the claims asserted under the First and Second Causes of Action are controlled by USERRA.

USERRA prevents employers from firing any employee based upon the employee's "membership or service in the military forces of the state or of the United States," unless the employer can show that the adverse action would have occurred for valid reasons regardless of military status. 38 U.S.C. § 4311(a) and (c); see also Cal. Mil. & Vet. Code § 394(a). Although the term "retaliation" is not used in USERRA, the gravaman of § 4311 is to prohibit adverse employment action in retaliation for the exercise of rights under USERRA. *Wallace v. City of San Diego*, 479 F.3d 616, 625 fn. 1 (9th Cir. 2007). Therefore, to state a claim under USERRA, an employee must prove by a preponderance of the evidence that his or her military status and related obligations were a "motivating factor" in the adverse employment action. *Wallace*, 479 F.3d at 624. However, it need not be the sole

cause of the adverse action. *Petty v. Metro. Gov't of Nashville-Davidson County*, 538 F.3d 431-446 (6th Cir. 2008).

Whether an employer has the requisite discriminatory motive is a question of fact. *Id.* at 628-29. Nonetheless, the Court may grant summary judgment if it finds there is no genuine dispute as to that fact and "no rational trier of fact" would believe Defendant's evidence. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Factors relevant to the determination of discriminatory motive include "proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001); *see also Wallace*, 479 F.3d at 625 (evidence that an employee's strained relationship with his superiors was due at least in part to his military service permitted an inference that adverse actions against him were retaliatory).

In this case, although the parties diverge over who had authority to terminate Plaintiff's employment and the investigations related thereto, it is undisputed that Plaintiff's full-time employment with the National Guard was some sort of factor in the termination of his employment with Defendant. (Opp. Sep. Statement [Docket No. 51-1], ¶¶ 13-19, 29-33.) Defendant and Plaintiff disagree, however, on whether Plaintiff's termination was because of the ICE Contract which allegedly prohibited such employment, as Defendant contends, or whether Plaintiff's termination was because of wilful discrimination against Plaintiff's military status, as Plaintiff contends.

Plaintiff argues the mere fact that his military employment was a factor at all demonstrates that a discriminatory motive exists. Plaintiff does not cite authority for this argument. Plaintiff also does not address the factors relevant to whether a discriminatory motive exists for purposes of USERRA, including the proximity of time between the employee's military activity and the adverse employment action, the consistency of the actions of the employer, and the general hostility towards an employee's military status. Applying those factors here, the Court notes that according to Plaintiff, in 2004, Plaintiff informed Defendant of his full-time employment with the National Guard. (Reply Sep. Statement [Docket No. 57-1], ¶ 20; see also Sep. Statement [Docket No. 38-2], ¶ 7.) However, the

adverse employment action did not occur until November 2007. (Opp. Sep. Statement [Docket No. 51-1], ¶ 21.) It is undisputed that during the course of his employment, Plaintiff requested, and was granted, leave to fulfill his National Guard obligations. (Reply Sep. Statement [Docket No. 57-1], ¶ 13.) These factors suggest that a genuine dispute exists as to whether Defendant possessed a discriminatory motive for purposes of USERRA.

This conclusion is amplified by the dispute surrounding the ICE Contract which Plaintiff contends does not prohibit his employment and, thus, does not provide a genuine basis for non-discriminatory termination. The ICE Contract states, in relevant part, Defendant "is specifically prohibited from hiring active duty military personnel and civilians employed by the Government to perform work under this contract." (Opp. Sep. Statement [Docket No. 51-1], ¶ 15.) Plaintiff argues he does not qualify as "active duty," as that term is defined by the National Guard (32 U.S.C. § 101(12)), and he is not employed by "the Government," as that term is defined under the ICE Contract.

However, the Court notes that title 32 of the United States Code sets forth provisions specific to the National Guard, for use by the National Guard, such as the definition of "active duty." See 32 U.S.C. § 101 et seq. Plaintiff has cited no authority showing that the ICE Contract is governed by those provisions. *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1032 (9th Cir. 1989) (the starting point in interpreting a contract is the intent of the parties as expressed by the plain meaning of the document). The portions of the ICE Contract submitted by the parties also are not sufficient to enable this Court to ascertain, as a matter of law, the meaning of "employed by the Government" for purposes of the ICE Contract. *Wells v. Turner Entm't Co.*, 503 F.3d 728, 737 (9th Cir. 2007) (summary judgment is improper where the parties' intent is at issue because such cases of contract interpretation depend on the credibility of extrinsic evidence, which is a task for the jury). Therefore, the Court finds that a genuine dispute exists as to whether the ICE Contract applies to this case and, thus, whether Defendant possessed the requisite non-discriminatory motive for purposes of USERRA.

Because the Court finds that Plaintiff has not carried the burden of proof with respect to each element of his claims, the Court does not address whether a genuine issue of material fact exists on any affirmative defense asserted by Defendant, as that issue is now moot.

Therefore, summary judgment on Plaintiff's First and Second Causes of Action is **DENIED**.

2. **FOURTH CAUSE OF ACTION: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (FEHA)**

California's Fair Employment and Housing Act ("FEHA") prohibits Defendant from discriminating against its employees based on "race, religious creed, color, national origin," and other specifically identified protected grounds. Cal. Gov. Code § 12940(a). To establish FEHA violation, Plaintiff must show (i) he was a member of a protected class, (ii) he was qualified for the position he sought, (iii) he suffered an adverse employment action, and (iv) there were circumstances suggesting Defendant acted with a discriminatory motive. *Jones v. Department of Corrections and Rehabilitation*, 152 Cal.App.4th 1367, 1379 (2007). On this claim, Defendant is the party seeking summary judgment and, therefore, bears the initial burden of proof. *Nissan Fire*, 210 F.3d at 1102. Defendant may defeat an FEHA claim at the summary judgment stage by showing the absence of one or more of these elements, or the presence of a legitimate, nondiscriminatory reason underlying the adverse employment action. *Id.* at 1380.

Plaintiff alleges Defendant violated FEHA by terminating Plaintiff's employment "in whole or in part to cover up the unlawful termination of a co-worker, Azariah Smith, who was terminated based on race." (First Am. Compl., ¶ 29.) Plaintiff concedes he is not member of one of the protected classes listed in FEHA or that he engaged in any activity entitling him to protected status under FEHA. (Opp. Sep. Statement [Docket No. 49-5], ¶¶ 2, 3). Rather, Plaintiff argues he satisfies the elements for FEHA violation because his termination was to cover up the alleged wrongful termination of Azariah Smith, who was black. (Opp. [Docket No. 49], pg. 13.) In this sense, Plaintiff asserts a general violation of public policy not specific to any of the listed FEHA classes. The Court finds that Plaintiff's claim fails as a matter of law.

To assert a claim for a FEHA violation, Plaintiff must belong to a class of individuals protected by FEHA. Cal. Gov. Code § 12940(a); *Jones v. Department of Corrections and Rehabilitation*, 152 Cal.App.4th 1367, 1379 (2007). Plaintiff has cited no authority, and no authority could be found, showing that Plaintiff may assert the protected rights of a third party, such as Mr. Smith, under FEHA. *Collier v. Superior Court*, 228 Cal.App.3d 1117, 1125 (1991) is inapposite as the employee in that case was terminated in retaliation for his disclosure of suspected illegal conduct; those facts are not

present here and Plaintiff concedes he did not engage in activity that would entitle him to protected status. (Opp. Sep. Statement [Docket No. 49-5], ¶¶ 2, 3) As Plaintiff cannot satisfy at least one of the FEHA elements, Plaintiff's claim fails as a matter of law.

Therefore, summary judgment on Plaintiff's Fourth Cause of Action is **GRANTED** in favor of Defendant.

### 3. FIFTH CAUSE OF ACTION: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Defendant argues the Fifth Cause of Action should be dismissed as a matter of law because the only contract at issue between the parties is a collective bargaining agreement which is governed exclusively by federal law; therefore, federal law preempts any state law claim by Plaintiff for breach of covenant of good faith and fair dealing. Plaintiff's opposition does not address this argument. By itself, however, the failure to oppose Defendant's argument is not grounds for granting summary judgment. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (holding that a motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule). On the other hand, a party's failure to dispute a Statement of Undisputed Facts may be deemed an admission to the truthfulness of that statement. Fed. R. Civ. Proc. 56(e)(2); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Here, Plaintiff does not contest Defendant's statement that the only contract governing Plaintiff's employment with Defendant is the collective bargaining agreement ("CBA") between Defendant and Plaintiff's union, the Security Police and Fire Professionals Local 165. (Sep. Statement [Docket No. 33-2], ¶ 4; see also Opp. Sep. Statement [Docket No. 49-5].) Therefore, this Court deems that statement to be true.

Claims requiring interpretation or enforcement of a collective bargaining agreement, such as the CBA in this case, are governed exclusively by federal law. 29 U.S.C. § 185(a); *Adkins v. Mireles*, 526 F.3d 531, 536-37, 539 (9th Cir. 2008). Federal preemption over these state law claims helps to minimize the danger that contract terms "might have different meanings under state and federal law [,] . . . inevitably exert[ing] a disruptive influence upon both the negotiation and administration of collective agreements." *Id.* at 539 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

In this case, Plaintiff's Fifth Cause of Action alleges that Defendant breached its covenant of good faith and fair dealing under the CBA by discriminating against and harassing Plaintiff based on

his service with the National Guard. (First Am. Compl., ¶ 34.) This claim plainly requires the Court to interpret the provisions of the CBA and to enforce duties allegedly owed under the CBA. As such, the Court finds that Plaintiff's claim is preempted by federal law and, therefore, Plaintiff's state law claim fails as a matter of law.

Summary judgment on Plaintiff's Fifth Cause of Action is **GRANTED** in favor of Defendant

### 4. SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

A claim for intentional infliction of emotional distress requires the Plaintiff to demonstrate: extreme and outrageous conduct by Defendant; intention to cause or reckless disregard of the probability of causing emotional distress; severe emotional suffering; and actual and proximate causation of the emotional distress. *Molko v. Holy Spirit Ass'n*, 46 Cal.3d 1092, 1120 (1988). Plaintiff must prove these elements by a preponderance of the evidence. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1000 n. 20 (1993). Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff cannot prove the required elements of his claim. The Court agrees.

As with the Fifth Cause of Action, Plaintiff did not oppose summary judgment on this claim and did not oppose Defendant's Statement of Undisputed Fact that Plaintiff never consulted with a doctor or other healthcare professional about the change in employment and only saw his family physician once since being placed on administrative leave. (Sep. Statement [Docket No. 33-2], ¶¶ 13-14; *see also* Opp. Sep. Statement [Docket No. 49-5].) Plaintiff also does not dispute that, in anticipation of mobilizing to Iraq, Plaintiff underwent, but failed, a physical due to high cholesterol and high blood pressure. (Sep. Statement [Docket No. 33-2], ¶ 15; *see also* Opp. Sep. Statement [Docket No. 49-5].) Similar to the above, the Court deems these statements as true. *Schrott*, 403 F.3d at 944.

Given these concessions, even when viewing the record most favorably to Plaintiff, the Court finds there is insufficient evidence to enable a rational trier of fact to find severe emotional suffering by a preponderance of the evidence. *Scott v. Harris*, 550 U.S. 372, 378 (2005) (summary judgment is appropriate where "no rational trier of fact" would believe the opposing party's evidence). Severe emotional distress is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal.4th 1035, 1051

(2009). "Discomfort, worry, anxiety, upset stomach, concern, and agitation" are not sufficient. *Id.* Here, it is undisputed that Plaintiff's alleged injuries are high blood pressure and high cholesterol. These injuries are clearly more akin to "discomfort" than the high degree of emotional distress necessary to demonstrate a claim for intentional infliction of emotional distress. Accordingly, the Court finds Plaintiff has failed to establish at least one element of his claim under the Sixth Cause of Action. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (summary judgment is appropriate where the moving party shows that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial).

Therefore, summary judgment on Plaintiff's Sixth Cause of Action is **GRANTED** in favor of Defendant.

### 5. PUNITIVE DAMAGES

Plaintiff seeks punitive damages under several causes of action. Because the Court finds that only the First, Second and Third Causes of Action remain after summary judgment, the Court only addresses punitive damages to the extent they relate to those claims.

Punitive damages must be proven by clear and convincing evidence of willful, malicious, fraudulent or oppressive conduct. Cal. Civ. Code § 3294(a). Because material issues of fact exist as to whether Defendant acted with discriminatory intent for purposes of USERRA and California's Military and Veterans Code, as detailed above, the Court cannot find that as a matter of law Defendant did not act with malice, oppression or fraud.

Therefore, summary judgment on Plaintiff's punitive damages claim is **DENIED**.

### EVIDENTIARY OBJECTIONS

Both parties filed evidentiary objections. To the extent not inconsistent with the findings contained herein, the Court overrules the evidentiary objections.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Partial Summary Judgment (Docket No. 33) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Cross-Motion for Partial Summary Judgment is **DENIED** (Docket No. 38), as follows:

(1) Summary judgment on Plaintiff's First and Second Causes of Action and claim for punitive damages is **DENIED**.

(2) Summary judgment on Plaintiff's Fourth, Fifth and Sixth Causes of Action is **GRANTED** in favor of Defendant.

**IT IS SO ORDERED**.

Date: April 23, 2010

Hon. Roger T. Benitez
United States District Court Judge